UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC MARTINEZ, | Case No. 2:22-cv-00697-JDP (SS) |
| Plaintiff, | |
| v. | ORDER |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Both parties have moved for summary judgment. ECF Nos. 13 & 15. The court denies plaintiff's motion and grants the Commissioner's.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

On December 8, 2017, plaintiff filed an application for SSI, alleging disability beginning June 1, 2001. Administrative Record ("AR") 217-37. After his application was denied initially and upon reconsideration, plaintiff appeared and testified at a hearing before an Administrative Law Judge ("ALJ"). AR 39-59, 96-100, 104-08. On June 1, 2021, the ALJ issued a decision finding plaintiff not disabled. AR 15-24. Specifically, the ALJ found that:

1. The claimant has not engaged in substantial gainful activity since December 8, 2017, the application date.

2. The claimant has the following severe impairments: spine disorder, obesity, depression, posttraumatic stress disorder, alcohol use disorder.

    \* \* \*

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

    \* \* \*

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except he can occasionally climb ramps/stairs, occasionally climb ladders/ropes/scaffolds, and occasionally balance, stoop, kneel, crouch and crawl.  He is limited to occasional exposure to fumes/odors/dusts/gases/poor ventilation and no exposure to hazards such as moving mechanical parts and unprotected heights.  He is limited to work with a reasoning level of 2 and limited to perform simple, routine and repetitive tasks, and simple work related decisions.  He should not work at a production rate pace such as assembly line work.  He is limited to occasional interaction with supervisors, coworkers and the public and occasional changes in a routine work setting.

    \* \* \*

5. The claimant has no past relevant work.

6. The claimant was born [in] 1967 and was 50 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed.

7. The claimant has a limited education.

8. Transferability of job skills is not an issue because the claimant does not have past relevant work.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

    \* \* \*

10. The claimant has not been under a disability, as defined in the Social Security Act, since December 8, 2017, the date this application was filed.

AR 17-24 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which denied the request. AR 1-5. He now seeks judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## Analysis

Plaintiff raises two arguments. First, he argues that the ALJ failed to provide specific and legitimate reasons supported by substantial evidence for rejecting the opinions of examining and treating physicians. ECF No. 13 at 7. Second, he argues that the ALJ failed to properly examine the vocational expert. *Id.* at 12. For the reasons hereafter, neither of these arguments is convincing, and plaintiff's motion for summary judgment is denied.

### A.   Rejection of Medical Opinions

Plaintiff argues that the ALJ erred in failing to accord sufficient weight to the opinion of treating doctor Ricky Norwood. *Id.* at 10. He relies on an outdated standard that required the ALJ to provide "specific and legitimate" reasons based on substantial evidence for rejecting the contradicted opinion of a treating physician. *Id.* at 7. Under the Commissioner's revised regulations, opinions of treating physicians are no longer entitled to the deference that they enjoyed under the prior regulations' "physician hierarchy." *See Wood v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Consequently, an ALJ is no longer required to provide "specific and legitimate" reasons for rejecting a treating opinion. *See id*. Instead, the ALJ is to evaluate each medical opinion's persuasiveness based on (1) supportability; (2) consistency; (3) the provider's relationship with the claimant; (4) the provider's specialization; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 416.920c(a), (c)(1)-(5). While all factors must be considered, "supportability" and "consistency" are the primary considerations. 20 C.F.R. § 416.920c(b)(2). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . . objective medical evidence.'" *Woods*, at 32 F.4th 791-92. "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Id*. at 792. Now, "the decision to discredit any medical

4

opinion, must simply be supported by substantial evidence." *Id.* at 787. However, the ALJ is still required to "provide a coherent explanation of her reasoning" so that judicial review can be effective. *Sam-Chankhiao v. Kijakazi*, 2022 WL 4222617, *3 (E.D. Cal. Sep. 13, 2022) (citing *Hardy v. Comm'r Soc. Sec.*, 554 F. Supp. 3d 900, 906 (E.D. Mich. 2021)).

The ALJ's decision meets the current standard. She offered substantive evidence for rejecting Norwood's opinion that plaintiff was disabled. Norwood opined that plaintiff could not work because he was being treated for hypertension, congestive heart failure, chronic low back and foot pain, depression, and diabetes. ECF No. 12-1 at 554 (AR 550). The ALJ noted that medical exams from 2018 showed plaintiff had normal strength and reflexes, *id.* at 430 (AR 426), and normal gait, *id.* at 469 (AR 465). X-rays from 2018 and 2020 demonstrated that plaintiff's spinal degeneration was mild. *Id.* at 481 (AR 477), 596 (AR 592). And, despite plaintiff's complaints about his mental health, the record indicates that his treatment for these conditions was minimal and that he frequently denied experiencing depression or emotional stressors beyond that which he was able to handle. *See id.* at 490 (AR 486) (answering "not at all" to whether he was feeling depressed or hopeless and "no" to whether he was experiencing emotional stress he could not handle). In June 2020, he broadly reported that his treatment was effective, that he was feeling good, and that he did not have other significant medical concerns. *Id.* at 568 (AR 564). For these reasons, the ALJ also provided substantive evidence for rejecting examining psychologist Casey Broadhead's conclusion that plaintiff had marked limitations in ability to complete a normal workday or workweek without interruption from a psychiatric condition. *Id.* at 26 (AR 22). As noted, plaintiff's mental health treatment was minimal, and his complaints to his providers are not reflective of such marked limitations.

Plaintiff also takes issue with the ALJ's acceptance of portions of the opinions of Drs. Herman, Bradus, Boyd, and Ali. ECF No. 13 at 10. He contends that the agency doctors' reports predate two years of treatment and that they are inconsistent with the findings of Dr. Norwood. *Id.* These arguments are not persuasive. As noted above, their inconsistency with Norwood's findings, especially in light of the changed regulations, is not a reason to automatically discount them. More broadly, the ALJ "is responsible for determining credibility, resolving conflicts in

medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Here, the ALJ's determinations of which portions of the medical testimony to accept were supported by substantive evidence. Indeed, the decision is replete with instances in which the ALJ's rejection of agency physician findings went in plaintiff's favor. *See, e.g.*, ECF No. 12-1 at 26 (AR 22) (rejecting Dr. Ali's contention that plaintiff had no limitations in standing, walking, or sitting as inconsistent with imaging studies and treatment records that showed "degenerative changes and pain complaints."). Finally, as the Commissioner points out, the agency physician's inability to consider the final two years of plaintiff's treatment is not a reason to discount the physician's opinion entirely. *Elsey v. Saul*, 782 F. App'x 636, 637 (9th Cir. 2019) ("[T]he fact that [a reviewing consultant] did not consider all of the evidence in his determination does not require the ALJ to discount his opinion.").

Nestled within plaintiff's medical arguments is his contention that the ALJ erred in failing to expand the record and to send for further consultative review. ECF No. 13 at 12. But the duty to expand the record is triggered only by ambiguous evidence or by the ALJ's determination that the record is inadequate to allow for evaluation of evidence. *Mayes v. Massanari*, 276 F.3d 453, 459-460 (9th Cir. 2001). Plaintiff argues that further consultative review was necessitated by the ALJ's rejection of Dr. Broadhead's report. ECF No. 13 at 11-12. The rejection of Dr. Broadhead's favorable findings does not establish that the record was ambiguous or inadequate. Dr. Broadhead was retained because plaintiff's mental health treatment records were limited. 20 C.F.R. § 416.919a. Nothing in the regulations establishes that Dr. Broadhead's retention was a mandate that the ALJ accept his findings, and the regulations do not contemplate that such a disagreement would automatically trigger further expansion of the record. It remained, as the Commissioner correctly argues, plaintiff's duty to show that he was disabled. 20 C.F.R. § 416.912 ("In general, you have to prove to us that you are blind or disabled."). The ALJ's finding that he failed to carry that burden was supported by substantial evidence, and she did not err by failing to expand the record.

**B.	Examination of the Vocational Expert**

Plaintiff argues that the hypotheticals posed to the vocational expert were flawed because the ALJ erred in failing to accept the medical findings of Drs. Norwood and Broadhead. ECF No. 13 at 13. This error, he argues, ensured that the assumptions in the hypotheticals were not supported by the record. *Id.* It logically follows that rejecting plaintiff's medical arguments necessitates rejection of this argument. Having already found plaintiff's medical arguments unpersuasive, I reject this argument as well.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 13, is DENIED.

2. The Commissioner's cross-motion for summary judgment, ECF No. 15, is GRANTED.

3. The Clerk of Court is directed to enter judgment in Commissioner's favor.

IT IS SO ORDERED.

Dated:	August 21, 2023	_____
	JEREMY D. PETERSON
	UNITED STATES MAGISTRATE JUDGE